Rel: July 31, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

### CL-2026-0110

_____

### Barbara Murdock

#### v.

### Nali Realty, LLC, and Dan Poggione, as trustee of The Gold Kelly and Peters Residential Land Trust and/or the Greater Montgomery Land Trust

### Appeal from Montgomery Circuit Court
### (CV-25-194)

EDWARDS, Judge.

In February 2025, Nali Realty, LLC ("Nali"), filed in the Montgomery District Court ("the district court") a statement of claim pursuant to Ala. Code 1975, § 6-6-310 et seq., the unlawful-detainer

statutes, seeking to have Barbara Murdock evicted from a residence located on Donavan Lane ("the property"), which Nali alleged it had purchased. Murdock answered the statement of claim and submitted a statement in which she averred that she was not a tenant of the property but, instead, had been purchasing the property from its previous owner, The Gold Kelly and Peters Residential Land Trust and/or the Greater Montgomery Land Trust ("the land trust"). She attached a copy of a document titled "wrap around mortgage" to her answer to support her claim that she held an equitable interest in the property. Murdock later filed a motion to dismiss the unlawful-detainer action, arguing that, because she was not a tenant, Nali could not seek to evict her under the unlawful-detainer statutes. After a hearing held on the issue of possession, the district court entered an order reflecting that the parties had "entered" a "joint motion to transfer" the unlawful-detainer action to the Montgomery Circuit Court ("the circuit court") and transferring the action.[1]

Nali filed in the circuit court an amended complaint in which it sought to eject Murdock from the property and sought damages for both

---

[1]The record contains no such motion.

trespass and unjust enrichment. Murdock answered the amended complaint. Murdock later filed what she titled a "verified third-party complaint," in which she sought to add Dan Poggione, the trustee of the land trust, as a third-party defendant. In the third-party complaint, Murdock sought damages for breach of contract and unjust enrichment and also alleged that Poggione, as trustee of the land trust, would be liable to her in the event she was found to be liable to Nali.

Poggione filed a motion to dismiss the third-party complaint, to which Murdock responded. Nali filed a motion for a partial summary judgment regarding the issue of its right to possession of the property; the motion specifically reserved the right to a later hearing relating to the damages sought in the amended complaint. Murdock filed a response in opposition to Nali's motion for a partial summary judgment.

On November 18, 2025, the circuit court entered an order dismissing the third-party complaint. That same day, the circuit court entered an order granting Nali a partial summary judgment; the circuit court issued a writ of possession in favor of Nali on December 1, 2025. On December 17, 2025, Murdock filed a motion to stay the writ of possession and a motion to dismiss Nali's action based on the circuit

3

court's lack of subject-matter jurisdiction. Murdock also filed a motion to reconsider the partial summary judgment and the dismissal of her third-party complaint.[2]

Relying on Alexander v. Hawk, 139 So. 3d 824, 826 (Ala. Civ. App. 2013), and Darby v. Schley, 8 So. 3d 1011, 1012 (Ala. Civ. App. 2008), Murdock argued in her motion to dismiss that the district court had lacked the authority to transfer the unlawful-detainer action Nali filed to the circuit court and also that, although Nali had filed an amended complaint in the circuit court, Nali had failed to pay a filing fee, which had prevented the circuit court from obtaining jurisdiction over the action.[3] Nali responded to that motion, arguing that the cases Murdock

---

[2]Murdock titled her motion as a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate, but the partial summary judgment was not a final judgment because Nali's trespass and unjust-enrichment claims and the accompanying requests for damages remained unadjudicated. See Ex parte Troutman Sanders, LLP, 866 So. 2d 547, 550 (Ala. 2003) (quoting Malone v. Gainey, 726 So. 2d 725, 725 n.2 (Ala. Civ. App. 1999)) ("A 'Rule 59 motion may be made only in reference to a final judgment or order.'").

[3]In Darby v. Schley, 8 So. 3d 1011, 1013-14 (Ala. Civ. App. 2008), this court held that, because an "unlawful-detainer action [is] not an action 'within the exclusive jurisdiction of the circuit court,' [Ala. Code 1975,] § 12-11-9, … [a district court lacks] the authority to transfer that action to ... [a circuit court] pursuant to § 12-11-9." (Footnote omitted.) In Alexander v. Hawk, 139 So. 3d 824, 827 (Ala. Civ. App. 2013), we

cited were inapposite. Nali admitted that it had not paid a filing fee in the circuit court.

On January 5, 2026, the circuit court entered the following order: "MOTION TO VACATE OR MODIFY filed by ... Murdock is MOOT. The above-styled matter is hereby DISMISSED." Murdock then filed a notice of appeal. We dismiss Murdock's appeal.

A party may appeal only from an adverse judgment. Alcazar Shrine Temple v. Montgomery Cnty. Sheriff's Dep't, 868 So. 2d 1093, 1094 (Ala. 2003). The circuit court's January 5, 2026, order was not adverse to Murdock. Although the January 5, 2026, order could have been more clear, the circuit court determined that Murdock's motion seeking reconsideration of the order dismissing the third-party complaint and the order granting Nali's partial-summary-judgment motion was moot, which only could have occurred if the circuit court determined that, as Murdock had argued in her motion to dismiss, the circuit court's orders

---

further explained that, if a district court transfers an unlawful-detainer action to a circuit court and if the plaintiff files "an amended complaint in the circuit court, asserting claims that fall within the original jurisdiction of the circuit court" but fails to pay a filing fee in the circuit court, the amended complaint will not initiate a new action invoking the subject-matter jurisdiction of the circuit court.

5

were void because it lacked subject-matter jurisdiction over Nali's action.[4] See Ex parte Musa Props., LLC, 401 So. 3d 273, 275 (Ala. 2024) (dismissing a petition for the writ of mandamus because the trial court had vacated its order and, thus, the petitioner received the relief he was seeking in the petition); Chapman v. Gooden, 974 So. 2d 972, 983 (Ala. 2007) (quoting Crawford v. State, 153 S.W.3d 497, 501 (Tex. App. 2004)) ("'The test for mootness is commonly stated as whether the court's action on the merits would affect the rights of the parties.'"). That implicit determination also supports the circuit court's dismissal of the entire action. The dismissal of the entire action served to annul the previously entered orders of the circuit court, therefore obviating the need for reconsideration of the partial summary judgment or the order dismissing the third-party complaint.

> "'As a general rule, interlocutory orders become unenforceable upon a final judgment of dismissal.' Ex parte W.L.K., 175 So. 3d 652, 661 (Ala. Civ. App. 2015) (citing Maddox v. Maddox, 276 Ala. 197, 199, 160 So. 2d 481, 483 (1964) (discussing Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1927))). Generally, the dismissal of an action operates to annul previously entered orders, rulings, or judgments. See Ex parte Sealy, L.L.C., 904 So. 2d 1230, 1236 (Ala. 2004)

---

[4]In light of the posture of this appeal, which was brought by Murdock, we need not decide whether the circuit court correctly determined that it lacked subject-matter jurisdiction over Nali's action.

(quoting 27 C.J.S. <u>Dismissal and Nonsuit</u> § 39 (1959)) (holding that a voluntary dismissal renders the proceedings a nullity and '"carries down with it previous proceedings and orders in the action"'); <u>McNairy v. McNairy</u>, 416 So. 2d 735, 736 (Ala. 1982) ('The motion to dismiss was granted by the circuit court, which also held for naught all prior orders of the probate court.'). See also 24 Am. Jur. 2d <u>Dismissal</u> § 89 (2008)."

<u>K.L.R. v. K.G.S.</u>, 201 So. 3d 1200, 1203 (Ala. Civ. App. 2016).

The circuit court's January 5, 2026, order dismissed the entire action and effectively annulled the previously entered partial summary judgment and the order dismissing the third-party complaint. Thus, no orders or judgments adverse to Murdock existed at the time she filed her notice of appeal.[5] We therefore dismiss Murdock's appeal.

APPEAL DISMISSED.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.

---

[5]We note also that, had the circuit court not dismissed the action, Nali had been awarded only a partial summary judgment on the issue of possession, leaving the damages claims unadjudicated, and Murdock's appeal from that order would have been premature. See <u>Gatlin v. Joiner</u>, 4 So. 3d 1139, 1141 (Ala. Civ. App. 2008) (stating that the failure to adjudicate all pending claims in an action prevents finality).